# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TONI DENISE HAYES,

    Plaintiff,

v.      Case No. 3:20-cv-867-J-32PDB

DOMINOQUE MONQUES RICKS,
an individual; and COVENANT
TRANSPORT, INC., a Foreign
profit corporation,

    Defendants.

## O R D E R

This motor vehicle accident diversity case is before the Court on Plaintiff Toni Denise Hayes' motion to remand (Doc. 4), in which Hayes argues that Defendant Covenant Transport, Inc., cannot demonstrate that the amount in controversy exceeds $75,000. (The parties' citizenship is diverse; Hayes does not argue otherwise.) Covenant filed a response in opposition. (Doc. 8). Hayes provided documentation of $14,928.10 in medical bills for shoulder surgery. (Doc. 4-3). Covenant asserts that the allegations of damages in the complaint and reported conversations between plaintiff's counsel and plaintiff's insurance adjuster about possible future medical expenses suffice to establish the amount in controversy. (Doc. 8 at 2). However, Covenant offers no pre- or post-suit demand letters, no documentation of Hayes' injuries or specifics about future

medical costs, and no other evidence supporting the approximate $60,000 gap between Hayes' incurred medical expenses and the jurisdictional threshold. Hayes' refusal to stipulate, while appropriate to consider, does not fill this gap on these facts. See, e.g., Parham v. Osmond, No. 8:19-cv-592-T-60SPF, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019) (granting remand upon finding defendant failed to carry his burden to demonstrate requisite amount in controversy, notwithstanding plaintiff's failure to stipulate that damages were less than $75,000). The Court finds Covenant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. See Dart Cherokee Basin Oper. Co. v. Owens, 574 U.S. 81, 88 (2014) (holding that if the amount in controversy is challenged, the court must make findings of fact based on evidentiary submissions to which the preponderance standard applies).

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 4) is **granted**. This case is **remanded** to the Fourth Judicial Circuit Court in and for Duval County, Florida. Following remand, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of September, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

h/s.
Copies:

Counsel of record

Clerk of Court, Fourth Judicial Circuit Court
in and for Duval County, Florida.